# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Steve Scheffler,**

      **Plaintiff,**

**v.**                                          **Case No. 08-2648-JWL**

**United Parcel Service, Inc.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Steve Scheffler filed this diversity suit against his former employer, United Parcel Service, Inc. ("UPS"), alleging that UPS terminated his employment in retaliation for sustaining a work-related injury and pursuing a workers' compensation claim. The court recently denied defendant's motion for summary judgment and this case is set for trial on the court's docket beginning on April 6, 2010. This matter is now before the court on defendant's motion to continue the trial setting or, in the alternative, to follow K.S.A. § 60-3702(a) regarding the determination of the amount of any punitive damage award (doc. 75). As will be explained, the motion is denied.

In this case, plaintiff seeks punitive damages against defendant under Kansas law. The focus of defendant's motion is the Kansas statute, K.S.A. § 60-3702(a), which prescribes a procedure by which the jury first determines whether punitive damages should be allowed and then the court determines, in a separate proceeding, the amount of such damages. By way of background, plaintiff asserts either that the bifurcated process is a matter of state procedural law that the court should not apply under *Erie* principles or that the Seventh Amendment of the

United States Constitution requires jury determination of the amount of punitive damages. Defendant disagrees and asserts that the bifurcated process is a matter of state substantive law that the court must apply under *Erie* principles and that the procedure does not violate the Seventh Amendment.

In its motion, defendant first seeks a continuance on the grounds that the very issue in dispute here is presently on appeal before the Tenth Circuit such that a continuance of the trial setting would conserve both judicial resources and the parties' resources. In the alternative, defendant moves the court to follow the K.S.A. § 60-3702(a) procedure as to the amount, if any, of punitive damages. The motion is denied in its entirety. With respect to the continuance, the Tenth Circuit's docket reflects that the appeal process is in the initial stages. The opening brief is not due until March 5, 2010. While the court might feel differently if the case had already been argued (or at least fully briefed) such that the parties could expect a decision in the near future, the court is unwilling to indefinitely delay the trial (particularly over plaintiff's objection) when a decision from the Circuit could well take more than a year from today's date.

Moreover, the court is disinclined to await the Tenth Circuit's decision because the court itself has recently ruled on the merits of this issue in another case and is comfortable with its analysis. In that case, the court held that the Seventh Amendment requires the jury to determine the amount of any punitive damages awarded. *Capital Solutions, LLC v. Konica Minolta Business Solutions U.S.A., Inc*., 08-2027-JWL (D. Kan. Feb. 11, 2010) (doc. 278). For the reasons explained in the *Capital Solutions* decision, the court denies defendant's request to follow the K.S.A. § 60-3702(a) procedure.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to continue the trial setting or, in the alternative, to follow K.S.A. § 60-3702(a) regarding the determination of the amount of any punitive damage award (doc. 75) is **denied.**

**IT IS SO ORDERED.**

Dated this 18th day of February, 2010, at Kansas City, Kansas.

                                             s/ John W. Lungstrum
                                             John W. Lungstrum
                                             United States District Judge